PER CURIAM.
The defendant, Jeffrey S. Clayborn, appeals as excessive his sentence to a $500 fine and six months in the parish jail for the offense of unauthorized use of a movable having a value of $1,000 or less. For the following reasons, we affirm.
PACTS
In December, 1991, the victim, an elderly, nonresident property owner of Union Parish, made an oral agreement with the defendant to harvest timber from the victim’s property. Under the terms of the agreement, the defendant was to harvest $10,000 worth of timber from ten acres of the victim’s sixty-five acre tract.
In January, 1992, the victim visited the property and discovered that defendant had clear cut 40 acres. The total value of the timber taken by defendant was $113,775. The defendant did not make any payment to the victim for the timber.
The defendant was arrested and charged with theft of timber worth more than $500. The defendant was tried before a jury. The jury found the defendant guilty of the responsive verdict of unauthorized use of a movable valued at under $1,000. This offense is a misdemeanor.
Prior to imposing sentence, the trial court noted that the defendant’s behavior did not meet the definition of unauthorized use of a movable in that the evidence showed that the defendant did not return the timber and did not intend to return the timber to the victim. The court noted that the evidence showed that the defendant was actually guilty of theft of timber in a high dollar amount. The trial court observed that the jury apparently arrived at a compromise verdict. The court also noted that it was established in the Prieur hearing, held before trial, that the defendant had also engaged in similar criminal activities with other victims who were also elderly, absentee landowners. The court observed that defendant had engaged in a “scam to bilk these people of their timber.”
Finding that the facts of this case called for imposition of the maximum sentence for unauthorized use of a movable, the trial court ordered the defendant to pay a fine of $500 and to serve six months incarceration in the parish prison. The defendant appealed.
DISCUSSION
On appeal, defendant urges that the trial court erred in considering the evidence adduced at the Prieur hearing in imposing sentence and that the sentence is excessive. These arguments are without merit.
The defendant objected to the trial court’s consideration in imposing sentence of evidence of other similar offenses. This evidence was presented to the court during a Prieur hearing held prior to the trial on the merits. However, the prosecution did not introduce evidence of the other crimes in its case in chief against the defendant. The defendant now argues that the trial court improperly considered this evidence in imposing sentence. The defendant’s argument is without merit.
Sources of information from which a sentencing court may draw in determining the appropriate sentence are extensive and are not subject to the restrictions imposed on admissibility in the guilt phase of the proceedings. State v. Higginbotham, 541 So.2d 348 (La.App. 2d Cir.1989), amended and affirmed on other grounds, 556 So.2d 28 (1990). Evidence of unadjudicated other crimes is relevant and probative evidence of the defendant’s character and propensities. State v. Code, 627 So.2d 1373 (La.1993). Accordingly, we hold that the court did not err in considering, for sentencing purposes, the evidence adduced at the Prieur hearing.
*1260 Further, we find that the sentence imposed was not unconstitutionally excessive. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate when the crime and punishment, considered in light of the harm done to society, shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La. 1985); State v. Thompson, 25,583 (La.App. 2d Cir. 1/19/94), 631 So.2d 555. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988); State v. Thompson, 25,583 (La.App. 2d Cir. 1/19/94), 631 So.2d 555.
The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.), writ denied, 435 So.2d 438 (1983).
The trial judge adequately articulated for the record the reasons for imposition of sentence. The defendant was convicted of an offense that does not describe his conduct. Also, the victim of this offense suffered significant economic harm as a result of the defendant’s criminal activity. Further, the defendant had a pattern of taking timber from elderly nonresident land owners. In light of these factors, the sentence is neither out of proportion to the offense nor a purposeless and needless imposition of pain and suffering. Under the totality of the circumstances of this ease, the sentence imposed does not shock the sense of justice and is not constitutionally excessive. Accordingly, the sentence is affirmed.
ERROR PATENT
We note that the trial court failed to inform the defendant of the prescriptive period for post-conviction relief, as required by LSA-C.Cr.P. Art. 930.8. This defect has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for resentencing. State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992); State v. Cox, 604 So.2d 189 (LaApp. 2d Cir.1992); LSA-C.Cr.P. Arts. 921, 930.8(C).
We direct the district court to send appropriate written notice to defendant within 10 days of the rendition of this opinion and to file proof of defendant’s receipt of such notice in the record of the proceedings. State v. Mock, supra; State v. Smith, 600 So.2d 745 (La.App. 2d Cir.1992). No other error patent is noted.
CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Jeffrey S. Claybom.
AFFIRMED.