816 So.2d 289 (2002)
STATE of Louisiana
v.
Christopher D. ARNOLD.
No. 2001-KP-1399.
Supreme Court of Louisiana.
April 12, 2002.
*290 PER CURIAM.
Writ granted; convictions and sentences reinstated. Generally, guilty pleas constitute a waiver of all non-jurisdictional defects, see, e.g., State v. McKinney, 406 So.2d 160, 161 (La.1981), and generally courts review them only to ensure that the plea "was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989). Though the Supreme Court and this Court have created an exception to this rule for double jeopardy violations, Broce, 488 U.S. at 575-76, 109 S.Ct. at 765; State ex rel. Adams v. Butler, 558 So.2d 552, 553 n. 1 (La.1990), that exception applies only "where on the face of the record the court had no power to enter the conviction or impose the sentence." Broce, 488 U.S. at 575-76, 109 S.Ct. at 765. Properly applied, the exception requires limited review of only the charging documents and plea colloquy. See Hagan v. State, 836 S.W.2d 459, 461 (Mo.1992). The instant case by contrast required the court of appeal's probing analysis and numerous fact-bound determinations implicating a wide variety of materials to suggest a possible obscure double jeopardy violation, while under proper facial review of the charging documents and plea colloquy, Arnold shows no double jeopardy violation. See La.C.Cr.P. art. 930.2.