989 So.2d 876 (2008)
STATE of Louisiana, Appellee
v.
Clinton Charles COLGIN, Appellant.
No. 43,416-KA.
Court of Appeal of Louisiana, Second Circuit.
August 13, 2008.
*878 Carey J. Ellis, III, Louisiana Appellate Project, for Appellant.
Clinton Charles Colgin, Pro Se.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Assistant District Attorney, for Appellee.
Before CARAWAY, DREW and MOORE, JJ.
CARAWAY, J.
Clinton Charles Colgin entered a plea of guilty to the crime of forcible rape in violation of La. R.S. 14:42.1 and received a sentence of 40 years at hard labor, the first 15 years to be served without the benefit of probation, parole or suspension of sentence. Colgin appeals the imposed sentence as excessive. We affirm the conviction and sentence and remand with instructions.

Facts
Between the dates of April 1 and June 8, 2005, Colgin had oral sexual intercourse with a ten-year-old child. On July 18, 2005, a Bossier Parish grand jury returned a bill of indictment charging Colgin with the aggravated rape of the child in violation of La. R.S. 14:42. On June 12, 2007, the state reached a plea agreement with Colgin under which he would plead guilty to the lesser offense of forcible rape, a violation of La. R.S. 14:42.1, with the benefit of a presentence investigation ("PSI"). The matter subsequently came for sentencing on November 7, 2007. The court sentenced Colgin to 40 years at hard labor, the maximum for the offense, with the first 15 to be served without the benefit of probation, parole or suspension of sentence. Colgin sought a motion to reconsider sentence which the trial court summarily denied. On appeal Colgin challenges the sentence as excessive based on his social and criminal history.

Discussion
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. There is no requirement that specific matters be given any particular weight at sentencing. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La. App. 2d Cir.1/28/04), 865 So.2d 284, writ denied, 04-0834 (La.3/11/05), 896 So.2d 57 and 04-2380 (La.6/3/05), 903 So.2d 452; State v. Jones, 33,111 (La.App. 2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). In reviewing a sentence for excessiveness, the appellate court must consider the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992). The trial judge is afforded wide discretion in determining a sentence, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Shaw, 37,168 (La.App. 2d Cir.6/25/03), 850 So.2d 868; State v. Shipp, 30,562 (La.App. 2d Cir.4/8/98), 712 So.2d 230, writ denied, 98-1199 (La.9/25/98), 724 So.2d 775. A sentence *879 within statutory limits will not be set aside as excessive absent manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Wilson, 38,219 (La. App. 2d Cir.3/5/04), 867 So.2d 988.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Shirley, 41,608 (La. App. 2d Cir.12/13/06), 945 So.2d 267, writ denied, 07-1394 (La.4/4/08), 978 So.2d 321; State v. Black, 28,100 (La.App. 2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App. 2d Cir.5/12/04), 873 So.2d 939; State v. Lingefelt, 38,038 (La.App. 2d Cir.1/28/04), 865 So.2d 280, writ denied, 04-0597 (La.9/24/04), 882 So.2d 1165.
Prior to imposing Colgin's sentence, the trial court noted its review of the information contained in the PSI and set forth that information for the record. The court observed that Colgin was a young parent who had been the victim of physical abuse and took into consideration the defendant's expressed remorse for his actions. On the other hand, the court noted Colgin's status as a second-felony offender,[1] the serious nature of this crime and the youth of his victim in concluding that any sentence other than the maximum would deprecate the seriousness of the offense. The trial court also noted its receipt of a letter from the victim's mother regarding the victim's suffering as a result of defendant's actions. The record therefore shows that the trial court thoroughly considered the defendant's age, criminal and social history and prior education in determining the appropriate sentence.
Colgin's conduct included numerous encounters with the child and supported a conviction on the original charge of aggravated rape. Thus, he received a significant benefit by reducing his sentencing exposure from the possibility of life imprisonment for an aggravated rape conviction, to a maximum of 40 years imprisonment. Colgin obviously failed to benefit from previous leniency in sentencing or be rehabilitated from his pedophilic tendencies.
Accordingly, with the facts of this case, particularly the emotional damage of the young victim and the defendant's status as a second sex-crime offender, this maximum sentence is appropriate under the circumstances and is neither grossly disproportionate to the severity of the offense of conviction, nor shocking to our sense of justice. There is no showing of an abuse of the district court's discretion in the imposition of the sentence.
Upon review of the record, we find that the trial court inadequately advised Colgin of the time delays to apply for post-conviction relief by simply informing him that he has "two years" to apply for post-conviction relief. The trial court should have advised defendant in this case, and we now advise him by this opinion, that no application for post-conviction relief shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under *880 the provisions of La.C.Cr.P. arts. 914 or 922.
We also note the trial court's failure to provide Colgin notice of the sex offender registration requirements of La. R.S. 15:543. At all relevant times, forcible rape has been defined as a sex offense by La. R.S. 15:541(14.1). La. R.S. 15:542 provides registration requirements for sex offenders. At the time of Colgin's sentencing, La. R.S. 15:543 required that the trial court notify a defendant charged with a sex offense in writing of the registration requirements, and that such notice be included on any guilty plea forms and judgment and sentence forms provided to the defendant.[2] There is nothing in the record that shows that defendant was provided the requisite notice in this case. The record does indicate that defendant should be aware of the sex offender registration requirements based on a "sex offender contract" he signed in a prior unrelated matter. We hereby remand this matter to the trial court solely for the purpose of providing the appropriate written notice to the defendant of the sex offender registration requirements and the filing of written proof that defendant received notice in the record of the proceedings in accordance with the present version of La. R.S. 15:543. See, State v. Scott, 42,997 (La.App.2d Cir.2/13/08), 975 So.2d 782; State v. Turner, 05-75 (La.App. 5th Cir.5/31/05), 904 So.2d 816, 824-25, writ denied, 05-2591 (La.5/26/06), 930 So.2d 20; State v. Williams, 02-0707 (La.App. 3d Cir.3/5/03), 839 So.2d 1095.

Conclusion
For the foregoing reasons, Colgin's conviction and sentence are affirmed. The case is remanded and the trial judge is directed to advise the defendant of the sex offender registration requirements under the new provisions of La. R.S. 15:543.1 enacted by 2007 La. Acts 460, § 2, within ten days after rendition of this opinion and to file written proof in the record that the defendant received such notice.
AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] The record shows that in April 2004, Colgin was convicted of the crime of pornography involving juveniles in violation of La. R.S. 14:81.1 and received a probated sentence.
[2] The Louisiana legislature revised the sex offender registration and notification requirements by 2007 La. Acts 460, § 2, effective January 1, 2008. The newly-enacted registration and notification requirements now set forth the particular form to be used by the trial courts in notifying sex offenders of the registration requirements in La. R.S. 15:543.1 (eff. 1/1/08). 2007 La. Acts 460, § 2, provided in relevant part:

Section 6: The provisions of this Act shall apply to all persons convicted of a sex offense or a criminal offense against a minor, as defined in R.S. 15:541, regardless of the date of conviction, with the exception of those persons required to register under previous provisions of law whose obligations to register have been fulfilled and extinguished by operation of law. Any person under an obligation to register as of the effective date of this Act shall comply with the requirements contained in this Act and shall be given credit for having fulfilled their obligations to register for the length of time equal to their previous registration in compliance with law.