STEWART, J.
b The defendant, Donna Kay Sepulvado, pled guilty to negligent homicide and distribution of a Schedule II controlled dangerous substance (“CDS”). She received concurrent sentences of five years at hard labor and ten years at hard labor, respectively. By this appeal, she argues that the homicide conviction must be set aside on the grounds of double jeopardy and that her sentence is excessive because it was based on improper victim impact testimony. Finding no error, we affirm.
FACTS
On February 5, 2006, the defendant sold methadone to Troy Holland, who died sometime that night or early the next day after ingesting the drug. Holland’s death certificate identified the primary cause of death as acute combined methadone and alprazolam intoxication due to self-administered drug abuse.
On February 23, 2006, the defendant was charged by grand jury indictment with second degree murder, a violation of La. R.S. 14:30.1, for unlawfully distributing or dispensing a Schedule II CDS which was the direct cause of Holland’s death. She pled not guilty.
On April 7, 2008, the defendant entered a plea agreement. She withdrew her plea of not guilty to second degree murder and entered an Alford plea, see North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to the charge of negligent homicide. Also, the state filed a new bill charging distribution of a Schedule II CDS, namely methadone, in violation of La. R.S. 40:967(A)(1). The defendant waived formal arraignment and pled guilty to the distribution charge.
|2The victim’s mother, Ann Bryant, testified at the sentencing hearing that she blamed the defendant for the deaths of both her son and her daughter, who had also died after allegedly ingesting drugs purchased from the defendant. Defense counsel objected to Bryant’s testimony about her daughter as beyond the scope of the sentencing hearing. William Keith Robbins, the defendant’s husband, testified on her behalf, stating that she had a drug problem and that she was on drugs the night Holland purchased the methadone. He also brought up the matter of Bryant’s daughter. The trial court judge continued the sentencing to review the PSI.
When the sentencing hearing resumed a month later, the victim impact statement and the PSI were entered into the record. Defense counsel objected to evidence regarding the death of Bryant’s daughter included in the victim impact statement. After reviewing the relevant factors, the trial court imposed concurrent sentences of five years at hard labor for negligent homicide and ten years at hard labor for distribution of a Schedule II CDS. The defendant was granted credit for time served.
Upon denial of a motion for reconsideration of the sentences, this appeal followed. Raising two assignments of error, the defendant argues that her sentences are excessive due to having been based on improper victim impact testimony and that her convictions violate the protection against double jeopardy.
^DISCUSSION

Double Jeopardy

Arguing that the same facts were relied on for both the negligent homicide *902 and the distribution convictions, the defendant asserts a double jeopardy violation.
A guilty plea generally waives all non-jurisdictional defects and is reviewed to ensure that the plea was counseled and voluntary. State v. Arnold, 2001-1399 (La.4/12/02), 816 So.2d 289. Double jeopardy is an exception to this rule where the face of the record shows that the court had no power to enter the conviction or impose the sentence. State v. Arnold, 2001-1399 (La.4/12/02), 816 So.2d 289, citing United States v. Broce, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). Review of a double jeopardy claim in connection with a plea is limited to the charging documents and the plea colloquy. Arnold, supra; State v. Gobert, 2002-771 (La.App. 3d Cir.11/12/03), 865 So.2d 779, writ denied, 2003-3382 (La.12/10/04) 888 So.2d 829. There is also authority for finding a waiver of double jeopardy even where it is apparent on the face of the record. State v. Gobert, supra.
In Gobert, supra, the defendant was twice convicted of second degree murder and each conviction was overturned on appeal due to prosecutorial error. Shortly before the third trial commenced, the defendant pled guilty to one count of manslaughter and one count of attempted manslaughter. In an application for post conviction relief, the defendant asserted a double jeopardy claim, which the trial court denied. On appeal, the third circuit |4noted that the defendant had been charged by bill of indictment with second degree murder and that the state amended the bill to reflect the new charges. Reviewing the plea colloquy, the court found that the manslaughter and attempted manslaughter charges were agreed upon because they would guarantee a term of imprisonment that was amenable to the victim’s family and because they would allow the defendant to avoid a sentence of life imprisonment.
Upon citing the rule that a plea bargain does not preclude a double jeopardy claim when a violation is apparent on the face of the record, the third circuit noted an “important qualification” to that rule by the United States Supreme Court which stated in Broce, supra, “We do not hold that a double jeopardy claim may never be waived.” See Broce, 488 U.S. at 575, 109 S.Ct. at 765. Considering this qualification, the third circuit noted that Gobert alleged that counsel did not discuss double jeopardy considerations with him before entering the plea agreement. He argued that without having considered the possibility of raising a double jeopardy defense, he had not intentionally waived his right to claim double jeopardy. Rejecting this argument, the court cited Broce, supra, explaining that a conscious waiver is not required for each potential defense relinquished by a guilty plea, rather:
Relinquishment derives not from any inquiry into a defendant’s subjective understanding of the range of potential defenses, but from the admissions necessarily made upon entry of a voluntary plea of guilty. The trial court complied with Rule 11 in ensuring that respondents were advised that, in pleading guilty, they were admitting . guilt and waiving their right to a trial of any kind. A failure by counsel to provide advice may form the basis of a claim of ineffective assistance of counsel, but absent such a claim it cannot serve as the predicate for setting aside a valid plea.
United States v. Broce, 488 U.S. at 573-74, 109 S.Ct. 757, 102 L.Ed.2d 927; Gobert, 2002-771, p. 11, 865 So.2d at 785.
The third circuit found that Gobert, who voluntarily, knowingly and intelligently entered the plea agreement, was aware that the charges raised double jeopardy con *903 cerns even though the trial court never explicitly told him he was waiving his right to assert a double jeopardy violation. According to the third circuit, fundamental fairness dictated that Gobert could not attack the validity of his plea on grounds of double jeopardy.
While Gobert, supra, differs from this matter in that the defendant, Sepulvado, had not previously been tried and found guilty of the initial charge of second degree murder, Sepulvado like Gobert entered a plea agreement by which she avoided the possibility of a life sentence. The defendant was initially charged by bill of indictment with second degree murder in that she distributed or dispensed a Schedule II CDS which was the direct cause of Troy Holland’s death. See La. E..S. 14:30.1 (A)(3). As per a plea agreement, she entered guilty pleas to a reduced charge of negligent homicide and to a charge of distribution of a schedule II, CDS, for which the state filed a new bill. Essentially, the plea agreement divided the initial charge into separate charges thereby allowing the defendant to avoid facing a possible mandatory life sentence if convicted. The potential for a double jeopardy claim was evident at the time the plea was entered.
The defendant affirmed her understanding of the plea agreement and specifically affirmed her understanding that she was waiving any appeal rights by pleading guilty. The defendant admitted that she was pleading |figuilty to the distribution charge because she was in fact guilty of that offense, but she entered an Alford plea to the negligent homicide charge. Clearly, the plea was in her best interest considering the life sentence that awaits one convicted of second degree murder. However, the defendant told the court that she wanted “all of this over with” so that she could “get on with [her] life.” The trial court found and the plea colloquy shows that she entered the pleas knowingly, intelligently, and voluntarily.
Like in Gobert, supra, fundamental fairness as well as the unique facts of the case dictates a finding that the defendant’s attack on the validity of her plea on the basis of double jeopardy is unfounded.

Excessive Sentence

The defendant argues that the trial court erred in imposing a sentence based on hearsay testimony from the victim’s mother. The defendant asserts that Bryant’s statements alleging the defendant’s involvement in her daughter’s death are impermissible speculation and that the trial court erred in considering Bryant’s statements in its sentencing decision. The defendant cites State v. McCalvin, 438 So.2d 209 (La.1983), in which the defendant’s sentence of ten years at hard labor for distribution of marijuana was vacated because the trial court’s sentencing decision was based on an unsubstantiated criminal history. The defendant also relies on jurisprudence from capital cases which is not persuasive in this noncapital matter.
The trial judge has wide discretion in sentencing within statutory limits, and its sentence will not be set aside as excessive in the absence of a manifest abuse of that discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Hardy, 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710. Sources of information from which a sentencing court may draw in determining an appropriate sentence are extensive and are not subject to restrictions imposed on admissibility in the guilt phase of trial. State v. Clayborn, 27,821 (La.App.2d Cir.1/24/96), 666 So.2d 1258. Evidence of other crimes which have not been adjudicated are relevant and probative evidence of the defendant’s character and propensities. Id. Sources of in *904 formation relied on by the sentencing court may include hearsay and arrests, as well as conviction records. State v. Myles, 94-0217 (La.6/3/94), 638 So.2d 218. These matters may be considered even in the absence of proof the defendant committed the other offenses. State v. Doyle, 43,438 (La.App.2d Cir.8/13/08), 989 So.2d 864.
La. R.S. 46:1844(K) provides for the right of the victim or designated family member to make an oral and written victim impact statement which may contain information related to the impact of the offense upon the victim or family and any other information the victim or family wishes to share regarding the overall effect of the crime on them. La. R.S. 46:1844(K)(2)(f) and (g).
Though the defendant relies on McCal-vin, supra, in support of her argument, it is distinguishable. The trial judge sentenced McCalvin without the benefit of a PSI and based on his misunderstanding of the defendant’s testimony about his criminal history. In the case sub judice, the trial court ordered and reviewed a PSI and, most importantly, made clear that the | ssentencing was not influenced by Ann Bryant’s opinion about the defendant’s alleged involvement in her daughter’s death.
The sentencing transcripts show that the trial court recognized the issue of relevance presented by Bryant’s statements about her daughter’s death and understood the defendant’s objection that such statements are not legitimate factors for consideration on sentencing. The defendant asserts that the trial court did consider Bryant’s statements about her daughter’s death when it referred to the “painful irony in this particular case.” However, the trial court made it clear that it was “endeavoring not to place any weight on the painful irony that has fallen on this particular family as it involves the other child” when it sentenced the defendant to five years at hard labor for the negligent homicide of Troy Holland. Similarly, when imposing the sentence of ten years at hard labor on the distribution charge, the trial court stated that it was “endeavoring not to be influenced on the sentence for that offense simply because of the death of Mr. Holland and certainly because of anything else because you have already been sentenced for the homicide charge.”
The trial court’s own words make it clear that it did not consider as a sentencing factor Bryant’s statements blaming the defendant for the death of her daughter. Nothing in the record shows that the sentence was based on any improper consideration. While the defendant received the maximum sentence for the negligent homicide charge, the concurrent sentence of ten years for distribution was much lower than the maximum of thirty years available for that charge. See La. R.S. 14:32(C)(1) and 40:967(B)(4)(a). I¡/The trial court had the benefit of a PSI to review before imposing the sentences and considered the guidelines provided by La. C. Cr. P. art. 894.1. The trial court noted that Holland died with drugs in his system that he had purchased from the defendant. The court also noted the defendant’s longtime drug abuse, the finding of other drugs and child pornography in her home at the time of her arrest, and the seizure of her home as a result of her selling drugs. The defendant’s criminal history revealed only two prior arrests and no convictions. In mitigation, the trial court noted that the defendant was under the influence of drugs at the time of the offense and that she had stopped using drugs since her arrest.
Having reviewed the record, we find no abuse of discretion by the trial court. The sentences are within the statutory limits, are neither grossly disproportionate to the seriousness of the offenses nor shocking to the sense of justice, and are supported by *905 an adequate factual basis as shown in the record. This assignment of error lacks merit.
CONCLUSION
The defendant’s convictions and concurrent sentences are affirmed.
AFFIRMED.