CARAWAY, J.
 

 IgDarnell Jenkins pled guilty to one count of forcible rape and one count of molestation of a juvenile under the age of 13. He was sentenced to concurrent sentences of 40 years at hard labor without benefit of probation, parole, or suspension of sentence for the forcible rape conviction and 50 years at hard labor without benefit of probation, parole, or suspension of sentence for the molestation conviction. Jenkins appeals raising claims of double jeopardy and excessive sentences. We affirm the convictions and sentences.
 

 Facts
 

 On April 8, 2009, 20-year-old Darnell Jenkins was at the Webster Parish home of his cousin and her husband. When the couple wanted to go out to eat, Jenkins volunteered to babysit the couple’s four children. They left the house and returned about 30 minutes later. When they returned, the |3child told them that Jenkins had bitten her neck and had “put himself in her pee-pee and boo-boo.” The child’s father left the room immediately and ran out of the house trying to catch Jenkins, who had fled the scene.
 

 The child was examined by a forensic examiner and swabs were taken from her genital and anal area and on the mark on her neck. The results were consistent with the DNA of two people, the child and Jenkins. Jenkins was charged by bill of information with one count of aggravated rape of a juvenile, victim being under the age of 13, a violation of La. R.S. 14:42(A)(4), and one count of molestation of a juvenile under the age of 13, a violation of La. R.S. 14:81.2(E).
 

 A plea bargain agreement was entered and the defendant was allowed to plead guilty to an amended charge of one count of forcible rape, a violation of La. R.S. 14:42.1, and to one count of molestation of a juvenile. The only- sentencing agreement was that sentences imposed would run concurrently.
 

 At the November 30, 2009 guilty plea hearing, the pertinent statement of facts as recited by the state was as follows:
 

 The state would present evidence which would show that Darnell Jenkins was at the house of [Jenkins’ cousin] and her husband and was in the — left alone with four juveniles while they went to get something to -eat. The State would, if, this matter were to go to trial, would present evidence that upon [Jenkins’ cousin’s] return |4with her husband Mr. Jenkins appeared sweaty and apprehensive and that the parents immediately went to the girl’s room and that’s when they talked to juvenile with the initials of W. J., ... and she stated that Darnell, also called “Tank”, had bit her on her neck and had put himself in her pee-pee and boo-boo, and upon the father hearing this he left the bedroom and Mr. Jenkins took off running out of the house and through the woods.
 

 The State would present evidence which would show that the juvenile, initials W.J., ... was examined by forensic examiner Cindy Finley and did present evidence which was collected for DNA and subsequently sent and examined by DNA and a profile obtained from the epithelia fraction of the anal swab was consistent with being a mixture of DNA from at least two individuals. And also a swab of the bite mark on the juvenile’s neck was taken and it- was consistent with a mixture from at least two individuals, both being (victim’s name omitted) — I mean, juvenile W.J. and Darnell Jenkins and that took place in Cotton Valley here in Webster Parish.
 

 
 *408
 
 The trial judge asked Jenkins if he agreed that the statement of the facts was basically correct, and he answered affirmatively and then pled guilty to each of the charges. The trial court accepted his guilty pleas and found them to be voluntary and made with the full understanding of his rights and based on sufficient evidence.
 

 ' The sentencing hearing was held on February 22, 2010. The trial judge noted that Jenkins had pled guilty to forcible rape and molestation of a juvenile under the age of 13 and ordered a presentence ■ investigation | sreport (“PSI”). Jenkins' apologized for “everything that occurred.” The court noted that Jenkins’ birthday was August 13, 1988, and that at the time of the offense the defendant was 20 years old. The trial judge informed Jenkins that the mother of the victim had requested that he be given the maximum sentence.
 

 The trial judge also reviewed Jenkins’ personal history, stated that he had considered the provisions of La.C.Cr.P. art. 894.1 and found Jenkins to be in need of correctional treatment that would be provided most effectively by commitment to an institution. The trial judge noted that a lesser sentence would deprecate the seriousness of his crime, and that although the defendant had been allowed to plead guilty to forcible rape, he had actually committed an aggravated rape of a nine-year-old child which carried a mandatory life prison sentence. The trial judge noted that it was probably because of Jenkins’ young age and the lack of prior criminal history that he had been allowed to plead guilty to forcible rape. The court considered both aggravating and mitigating factors, and noted that the defendant did not have a criminal history prior to this very serious crime. The trial judge sentenced the defendant to 40 years at hard labor - to be' served without benefit of probation, parole or suspension of sentence for the charge of forcible rape, and 50 years at hard labor to be served without benefit of | r,probation, parole or suspension of sentence for the charge of molestation of a juvenile under the age of 13 years. The sentences were to run concurrently, and he was to receive credit
 
 for time
 
 served.
 

 The defendant filed a motion to reconsider sentence on the grounds that the sentence was unconstitutionally excessive and grossly out of proportion to the seriousness of the offense. Specifically, he contended that the maximum term of 40 years for’forcible rape should be reserved for the worst type of offenders and that incarceration would not rehabilitate him. Jenkins requested a probationary period after any incarceration for monitoring and his participation in social programs to assist him in his recovery.
 

 After the denial of his motion to reconsider sentence, Jenkins lodged this appeal.
 

 Discussion
 

 Double Jeopardy
 

 In his first assigned error Jenkins argues that his convictions of both forcible rape and molestation óf a juvenile were based on the single abbreviated recitation of facts by the state at the hearing on the guilty plea, and thus, subjected him to double jeopardy. Specifically, Jenkins claims that the forcible rape guilty plea precludes the molestation conviction 17because the only evidence submitted to support the forcible rape conviction was the same evidence that supported the molestation conviction. Jenkins made no objection to the trial court and raises this issue for the first time on appeal.
 

 The Fifth Amendment to the United States Constitution provides that no person shall be subject for the same offenses to be twice put into jeopardy of life or limb. The double jeopardy clause was
 
 *409
 
 made applicable to the states through the Fourteenth Amendment, and Article 1, § 15, of the Louisiana Constitution contains a similar guarantee.
 
 State v. Redfearn,
 
 44,709 (La.App.2d Cir.9/23/09), 22 So.3d 1078,
 
 writ denied,
 
 09-2206 (La.4/9/10), 31 So.3d 381.
 

 Double jeopardy is defined in La.C.Cr.P. art. 596 as follows:
 

 Double jeopardy exists in a second trial only when the charge in that trial is:
 

 (1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
 

 (2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
 

 Forcible rape is defined in La. R.S. 14:42.1 as follows:
 

 A. Forcible rape is rape committed when the anal, oral or vaginal sexual intercourse is deemed to be without the | Rlawful consent of the victim because it is committed under any one or more of the following circumstances:
 

 (1) When the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.
 

 [[Image here]]
 

 B. Whoever commits • the crime of forcible rape shall be imprisoned at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence.
 

 In relevant part, molestation of a juvenile is set forth in La. R.S. 14:81.2 as follows:
 

 A. Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence .of any child under the age of seventeen, where there is an age difference of greater than two years between the. two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile.
 

 [[Image here]]
 

 E. (1) Whoever commits the crime of molestation of a juvenile when the victim is under the age of thirteen years shall be imprisoned at hard labor -for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of probation, parole, or suspension of sentence.
 

 An accused who commits separate and distinct offenses during the same criminal episode or transaction may be prosecuted and convicted for | ¡¡each offense without violating the prohibition against double jeopardy.
 
 State v. Brown,
 
 42,188 (La.App.2d Cir.9/26/07), 966 So.2d 727,
 
 writ denied,
 
 07-2199 (La.4/18/08), 978 So.2d 347. A claim, for double jeopardy can be raised for the first time on appeal, even if not raised in the trial court.
 
 State v. Gay,
 
 36,357 (La.App.2d Cir.10/23/02), 830 So.2d 356.
 

 Generally; the two tests used by Louisiana courts when examining double jeopardy violations are the “distinct fact” or the
 
 Blockburger
 
 test
 
 (Blockburger v.
 
 
 *410
 

 U.S.,
 
 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)), and the “same evidence” test. The
 
 Blockburger
 
 test determines whether each crime requires proof of an additional fact which the other does not. If multiple charges are double jeopardy under
 
 Block-burger,
 
 then the inquiry need go no further. However, even if there is not a finding of double- jeopardy under
 
 Block-burger,
 
 Louisiana’s same evidence test must be applied to see if the state’s greater protection is implicated.
 
 Redfeam, supra,
 
 at 1090. The same evidence test is articulated as follows: If all the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial.
 
 Id.
 
 The same evidence test is broader in |inconcept than
 
 Blockburger,
 
 the central idea being that one should not be punished twice for the same course of conduct.
 
 Id.
 

 A claim of double jeopardy after a guilty plea requires a different analysis. Guilty pleas constitute a waiver of all non-jurisdictional defects and generally courts review them only to ensure that the plea was both counseled and voluntary.
 
 State v. Arnold,
 
 01-1399 (La.4/12/02), 816 So.2d 289,
 
 citing, United States v. Broce,
 
 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989);
 
 State v. Sepulvado,
 
 44,764 (La.App.2d Cir.10/28/09), 25 So.3d 899,
 
 writ denied,
 
 09-2590 (La.5/28/10), 36 So.3d 245. The United States Supreme Court and the Louisiana Supreme Court have created an exception to this rule for double jeopardy.
 
 State v. Arnold, supra.
 
 That exception applies only where on the face of the record the court had no power to enter the conviction or impose the sentence.
 
 Id.
 
 Properly applied, the exception requires limited review of only the charging documents and plea colloquy.
 
 Id.
 

 From a review of the indictment in this case, we find that Jenkins has failed to show a double jeopardy violation. The charging instrument includes one count of aggravated rape and one count of molestation of a juvenile, two separate offenses under Louisiana law which require different proof. The language of the charging instrument, on its face, raises no double jeopardy |n concerns and would have permitted the state to prosecute two separate and distinct offenses during the same criminal episode or transaction. Likewise, the guilty plea colloquy is sufficient to establish that two separate criminal acts of anal and vaginal intercourse occurred. Thus, a facial review of the record fails to establish a double jeopardy violation.
 

 Excessive Sentence
 

 Jenkins also argues that the terms of the imposed sentences are grossly out of proportion to the facts of the crime and were further increased by the trial court’s imposition of the entirety of the sentences without benefit of parole, probation, or suspension of sentence, thereby nearly doubling the amount of time he would have to spend in prison. Jenkins also argues that the trial court ignored La.C.Cr.P. art. 894.1 review, particularly as to mitigating factors. H¿ requests that the court reduce the sentence terms by one-half, i.e., 25 years on the molestation conviction and 20 years on the forcible rape conviction.
 

 In his motion to reconsider sentence, Jenkins raised no issue with the application of La.C.Cr.P. art. 894.1, invoking only a bare excessive sentence claim. The defendant is required under La.C.Cr.P. art. 881.1 to file a motion to reconsider and set forth the “specific grounds” upon which the motion is based in order to raise an objection to the sentence on appeal. If Uthe defendant does not allege any specif
 
 *411
 
 ic ground or present any argument or evidence not previously considered by the court at original sentencing, but simply alleges that the sentence is excessive, then the defendant does not lose the right to appeal the sentence. The defendant is relegated to having the appellate court consider the bare claim of excessiveness.
 
 State v. Mims,
 
 619 So.2d 1059 (La.1993);
 
 State v. Willis,
 
 31,561 (La.App.2d Cir.1/20/99), 728 So.2d 493;
 
 State v. Anderson,
 
 30,060 (La.App.2d Cir.10/29/97), 702 So.2d 40.
 

 Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice.
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Edwards,
 
 45,314 (La.App.2d Cir.6/23/10), 42 So.3d 449;
 
 State v. Livingston,
 
 39,390 (La.App.2d Cir.4/6/05), 899 So.2d 733. In reviewing a sentence for excessiveness, the appellate court must consider the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice.
 
 State v. Weaver,
 
 01-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Lobato, supra; State v. Colgin,
 
 43,416 (La.App.2d Cir.8/13/08), 989 So.2d 876,
 
 writ denied,
 
 08-2304 (La.5/15/09), 8 So.3d 581.
 

 1 isThe trial judge is afforded wide discretion in determining a sentence, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed.
 
 State v. Colgin, supra; State v. Shaw,
 
 37,168 (La.App.2d Cir.6/25/03), 850 So.2d 868. A sentence within statutory limits will not be set aside as excessive absent manifest abuse of discretion.
 
 State v. Square,
 
 433 So.2d 104 (La.1983);
 
 State v. Colgin, supra.
 

 Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.
 
 State v. Colgin, supra; State v. Shirley,
 
 41,608 (La.App.2d Cir.12/13/06), 945 So.2d 267,
 
 writ denied,
 
 07-1394 (La.4/4/08), 978 So.2d 321. Absent a showing of manifest abuse of that discretion we may not set aside a sentence as excessive.
 
 State v. Guzman,
 
 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158;
 
 State v. Colgin, supra; State v. June,
 
 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939;
 
 State v. Lingefelt,
 
 38,038 (La.App.2d Cir.1/28/04), 865 So.2d 280,
 
 writ denied,
 
 04-0597 (La.9/24/04), 882 So.2d 1165.
 

 For the forcible rape conviction, Jenkins received the maximum forty-tyear14 sentence. However, he faced a possible life sentence without benefits for the charged crime of aggravated rape of a child under 13. Thus, even the maximum 40-year sentence without benefits for the pled offense substantially benefitted Jenkins and was within the trial court’s broad sentencing discretion. Jenkins also faced potential sentencing exposure of 99 years at hard labor with a minimum of 25 years without benefits on the molestation of a juvenile conviction. Therefore, his receipt of a mid-range 50-year sentence afforded him a substantial benefit from the plea agreement even with the additional 25-year denial of benefits. Jenkins also received the benefit of concurrent sentences as part of the plea agreement which effectively limits his jail time to 50 years for both offenses.
 

 The facts of record show that Jenkins twice sexually violated an innocent child after her parents entrusted her to his care. At least one of those acts included the crime of aggravated rape. Such egregious and heinous acts qualify Jenkins as the worst possible offender despite his contrary arguments and first-felony status.
 
 *412
 
 Considering the great discretion afforded the trial court in fashioning Jenkins’ punishment, we cannot find the imposed sentences grossly disproportionate to the severity of the offense or shocking to the sense of justice.
 

 For the foregoing reasons, Jenkins’ convictions and sentences are affirmed.
 

 AFFIRMED.