MARC E. JOHNSON, Judge.
1 ^Defendant, Mark Miller, appeals his two convictions for indecent behavior with juveniles. For the reasons that follow, we affirm.
On July 27, 2010, defendant was charged in a bill of information with aggravated incest in violation of La. R.S. 14:78.1 and molestation of a juvenile in violation of La. R.S. 14:81.2, to which he pled not guilty. Thereafter, on April 18, 2011, the State amended both counts of the bill of information and charged defendant with two counts of indecent behavior with juveniles in violation of La. R.S. 14:81. On the same day, defendant was re-arraigned on the amended charges and pled guilty as charged on both counts. In accordance with a plea agreement, the trial court sentenced defendant to 12 years at hard labor on each count, to run concurrently, without benefit of parole, probation or suspension of sentence for the first two years.
Because the convictions were obtained by a guilty plea, the details of the facts surrounding the offenses are not contained in the appellate record. During the Lplea agreement, the trial court stated that the district attorney indicated that on or about June 1, 2010, defendant, who is over the age of 17, committed the offense of indecent behavior with a juvenile by committing a lewd or lascivious act upon a juvenile in the presence of one under the age of 17, date of birth October 14, 2000, with the intent of arousing or gratifying the sexual desire of either person. The trial court then clarified that defendant was being charged with two counts and that both counts occurred on the same date.
Under the procedure set forth in State v. Benjamin, 578 So.2d 528, 580 (La.App. 4 Cir.1990),[1] appointed appellant counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. As such, appointed counsel requests to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to -withdraw if she finds his case to be wholly frivolous after a conscientious examination of it.[2] The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. *959 429, 439,108 S.Ct. 1895, 1902,100 L.Ed.2d 440 (1988).
In State v. Jyles, supra, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every mer-itless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. Rather, the Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Jyles, supra.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may both deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.
Defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. In her brief, appellate counsel notes that the trial court fully explained to defendant the rights he was giving up by pleading guilty. She also notes defendant was represented by counsel and indicated he understood the rights he was waiving. She further asserts that defendant is prohibited from appealing his sentence because it was imposed as |fithe result of a plea bargain, which was set forth in the record at the time of the plea.
We find appellate counsel’s brief adequately reviews the procedural history of the case and provides a detailed assessment of whether there are any non-frivolous issues, thereby satisfying the requirements of Jyles.
Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. When an Anders brief is filed, the appellate court reviews: (1) the bill of information to insure the defendant was properly charged; (2) all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct, and the sentence is legal; (3) all pleadings in the record; and (4) all transcripts to determine if any ruling provides an arguable basis for appeal. State v. Bradford, 676 So.2d at 1110-11.
The bill of information shows defendant was properly charged. As required, it plainly, concisely, and definitely states the essential facts constituting the offenses charged. It also sufficiently identifies defendant and the crimes charged. See generally La.C.Cr.P. art. 464-66. Also, as reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him, including his arraignment, his guilty plea, and his sentencing. Further, defendant was advised of and waived his Boykin[3] rights, then pled guilty to the charges in the bill of information. Generally, when a defendant pleads guilty, he waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and review of such *960 defects either by appeal or post-conviction relief is precluded. State v. Turner, 09-1079 (La.App. 5 Cir. 7/27/10), 47 So.3d 455, 459.
|fiThe record further shows defendant’s sentence does not present any issues for appeal. Defendant was sentenced in accordance with a plea bargain, and his sentence falls within the sentencing range prescribed by statute. A defendant cannot seek review of a sentence imposed in conformity with a plea agreement. La. C.Cr.P. art. 881.2(A)(2).
Accordingly, we find the trial court proceedings and defendant’s sentence do not present any non-frivolous issues to be raised on appeal. Because appellant counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceeding and cannot identify any basis for a non-frivolous appeal and our independent review of the record supports counsel’s assertion, we affirm defendant’s convictions and sentences and grant appellate counsel’s motion to withdraw as attorney of record.
We note that less than one week prior to oral arguments defendant filed a pro se motion for substitution of appellate counsel claiming his appellate counsel’s Anders brief was inadequate because she failed to raise any issues and, therefore, he was entitled to new appellate counsel. As discussed above, appellate counsel’s brief adequately complied with Anders and there were no non-frivolous issues that should have been raised by counsel. Accordingly, we deny defendant’s motion.
Defendant has filed a pro se supplemental brief raising eight assignments of error.

Pro Se Assignment of Error No. 1:

 In his first assignment, defendant argues the trial court erred in refusing to set reasonable bail prior to trial. We note, as previously stated, that defendant waived all non-jurisdictional issues when he pled guilty. State v. Turner, 47 So.3d at 459. Nonetheless, pretrial bail issues become moot after conviction. State v. Crook, 517 So.2d 1131, 1132 (La.App. 5th Cir.1987), writ denied, 541 So.2d 885 (La.1989). The appropriate means to contest a bail ruling lies in an application for supervisory review at the time of the ruling. Id. Insofar as defendant suggests trial counsel was ineffective for failing to get the charges reduced so his bail would have been reduced, it is the district attorney, and not defense counsel, who has control of every criminal prosecution instituted or pending in his district and determines how he shall prosecute. La.C.Cr.P. art. 61; State v. Perez, 464 So.2d 737, 744 (La.1985). Moreover, defense counsel successfully obtained a $50,000 reduction in bail shortly after defendant was charged. Accordingly, we find no merit in this assignment of error.

Pro Se Assignment ofEmr No. 2:

In this assignment of error, defendant contends his trial counsel was ineffective for failing to fully investigate the evidence in the case. He claims his counsel told him that the evidence tested positive for semen; however, the lab reports were all negative. He asserts trial counsel failed to further test the evidence. Defendant contends that trial counsel’s erroneous insistence that the DNA evidence came from sperm pressured him into pleading guilty. He argues that if trial counsel had competently evaluated the evidence, then he would have received a better deal.[4]
*961 A claim for ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief, filed in the trial court where a full evidentiary hearing can be conducted, rather than direct appeal. State v. McIntyre, 97-876 (La.App. 5 Cir. 1/27/98), 708 So.2d 1071, 1075, writ denied, 98-1032 (La. 19/18/98),s 724 So.2d 753. When the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. Id.
In the instant case, the record is insufficient to address defendant’s claims of ineffective assistance of counsel on appeal. Since defendant’s conviction resulted from a guilty plea, the only transcript in the record is that of the plea hearing. It is impossible to determine, based on the limited record on appeal, whether trial counsel used coercion to induce a guilty plea or whether he adequately investigated defendant’s case. Defendant’s claims should be addressed through post-conviction proceedings where a full evidentiary hearing can be held and defendant can present evidence, including the affidavit he filed with this Court, to support his allegations.

Pro Se Assignment of Error No. 3:

In his third assignment of error, defendant simply states his defense counsel “should have objected to Mary Rita’s testimony and relied on first hand [sic] information from victim.” We note that the only transcript in the record is from the plea colloquy during which no witnesses testified. Further, defendant does not reference the record or make any argument to support his one-sentence assertion; thus, his assignment of error is considered abandoned and we will not consider it on appeal. See Uniform Rules — Courts of Appeal, Rule 2-12.4; State v. Blank, 01-564 (La.App. 5 Cir. 11/27/01), 804 So.2d 132, 139.

Pro Se Assignment of Error No. I:

In this assignment of error, defendant asserts he was placed in double jeopardy because he was charged with two counts for a violation of the same offense that occurred on the same date.
The Fifth Amendment to the United States Constitution, as well as Article 1, § 15 of the Louisiana Constitution of 1974, prohibit placing a person twice in [ ¡jeopardy of life or limb for the same offense. The concept of double jeopardy embodies the dual purpose of preventing both multiple convictions and multiple punishments for a single criminal wrong. State v. Garcia, 10-755 (La.App. 5 Cir. 5/10/11), 66 So.3d 24, 27.
As stated above, guilty pleas generally constitute a waiver of all non-jurisdictional defects and courts review them only to ensure that the plea was knowing and voluntary. State v. Arnold, 01-1399 (La.4/12/02), 816 So.2d 289, 290. Double jeopardy violations are an exception to this rule that only applies “where on the face of the record the court had no power to enter the conviction or impose the sentence.” Id., quoting United States v. Broce, 488 U.S. 563, 575-76, 109 S.Ct. 757, 765, 102 L.Ed.2d 927 (1989). Thus, when a defendant claims a double jeopardy *962 violation after pleading guilty, review is limited to the charging documents and plea colloquy. Arnold, supra.
From a review of the bill of information, we find that defendant has failed to show a double jeopardy violation. The charging instrument charges defendant with two counts of indecent behavior with a juvenile, both of which occurred on the same day. During the plea colloquy, the trial court recited the factual basis for the charges and specifically asked, “So there were two counts on that same date, do you agree with that?” Defendant responded, ‘Tes, sir.”
An accused who commits separate and distinct offenses during the same criminal episode or transaction may be prosecuted and convicted for each offense without violating the prohibition against double jeopardy. It is clear from the record that defendant was charged with and pled guilty to two separate offenses of indecent behavior with juveniles that occurred on the same date. There is no double jeopardy violation on the face of the record. As such, this assignment of error lacks merit.
| 1(lPro Se Assignment of Error No. 5:
In his fifth assignment of error, defendant argues that the trial court erred in denying his pre-trial motions for discovery and substitution of counsel.
The record does not reflect that defendant reserved his right to appeal any pretrial rulings under State v. Crosby, 338 So.2d 584 (La.1976) when he pled guilty. In fact, the guilty plea form, which was signed by defendant, reflects that he did not intend to appeal any rulings or orders. Accordingly, defendant waived these issues. State v. Turner, 10-995 (La.App. 5 Cir. 9/27/11), 75 So.3d 491, 493, writ denied, 11-2379 (La.4/27/12), 86 So.3d 625.

Pro Se Assignments of Error Nos. 6 and 8:

These two assignments of error are related in that defendant argues his guilty plea in invalid. First, he claims his plea was coerced. Second, he claims his plea was unknowing.
In support of his claim that his guilty plea was coerced, defendant argues that the Assistant Warden and the Assistant District Attorney made statements about his case after he left court. But, in his brief, defendant stated, “I am not going to go into detail concerning this issue because I would have to gather witnesses to prove it.” Nonetheless, he claims this is evidence of coercion on the part of the State.
A review of the record fails to support defendant’s claim of coercion. The guilty plea form signed by defendant reflects that no one threatened, coerced, or otherwise persuaded him to plead guilty. Additionally, during the plea colloquy, defendant stated he was not coerced or threatened into entering a guilty plea.
Defendant also claims his plea was unknowing because a change in his medication in jail prior to entering his plea affected his ability to understand the ramifications of pleading guilty.
I,There is no indication in the record that defendant did not understand the proceedings or consequences of his guilty plea because of his medication. During the plea colloquy, the trial court inquired as to whether defendant was under the influence of medication that would affect his ability to understand the proceedings, and defendant responded that he was not. The trial court specifically inquired as to the effects of the Adderall and Demerol[5] defendant *963 was currently taking, and defendant explicitly stated that the medications did not affect his ability to understand the proceedings against him. Further, both the trial court and defense counsel observed defendant at the time of his guilty plea and found no reason to believe defendant did not understand the court proceedings. The trial court properly explained to defendant his rights and the consequences of his plea, and made every effort to insure defendant entered a knowing and voluntary guilty plea. The transcript shows defendant’s responses throughout the plea colloquy were coherent.
Accordingly, we find no merit in these assignments of error.

Pro Se Assignment of Error No. 7:

In this last assignment of error, defendant argues that appellate counsel was ineffective for filing an Anders brief when non-frivolous issues existed. Even assuming appellate counsel’s performance has been deficient, defendant has not been prejudiced as a result. As discussed above, our review fails to disclose any non-frivolous appealable issues.[6] Additionally, the issues defendant raises either cannot be addressed on appeal or have no merit. Thus, we find no merit to this allegation. See State v. Cole, 04-615 (La.App. 5 Cir. 3/1/05), 900 So.2d 15, 16-17.
| ^DECREE
Accordingly, defendant’s convictions and sentences are hereby affirmed, and appellant counsel’s motion to withdraw is granted. Additionally, defendant’s pro se motion for substitution of appellate counsel is denied.

CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED; MOTION FOR SUBSTITUTION OF APPELLATE COUNSEL DENIED

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.

. The United States Supreme Court reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. On May 30, 2012, defendant filed an affidavit with this Court, seemingly as an exhibit which supports his theories that he was coerced into pleading guilty based on his belief that the evidence tested positive for sperm and he only pled guilty to one count of inde *961 cent behavior with a juvenile, thus concluding trial counsel was ineffective. This affidavit is not contained in the appellate record. An appellate court is precluded from considering evidence which is not part of the record. Exhibits attached to an appellate brief, but not offered into evidence at trial, is not part of the appellate record and is beyond the scope of appellate review. State v. Hotoph, 99-243 (La.App. 5 Cir. 11/10/99), 750 So.2d 1036, 1053, writs denied, 99-3477 (La.6/30/00), 765 So.2d 1062, and 00-150 (La.6/30/00), 765 So.2d 1066. Thus, we will not consider the affidavit.

. We note the guilty plea form indicates defendant was taking Adderall and Remeron, which is an anti-depressant.

. We also reviewed the record for errors patent, according to La.C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975), and none were found.