WILLIAMS, J.
 

 hThe defendant, Oleander Edwards, pled guilty to distribution of cocaine in violation of La. R.S. 40:967(A) and was sentenced to serve 28 years at hard labor without benefit of probation, parole, or suspension of sentence for the first 2 years. The defendant now appeals, assigning as error that his sentence is excessive. We affirm.
 

 The record shows that on May 20, 2008, the Minden Police Department arranged for a confidential informant to buy $40 worth of crack cocaine from the defendant. The informant, equipped with audio and video equipment, met the defendant off of South Fairway Street in Minden and completed the transaction.
 

 On September 18, 2008, the defendant was charged by bill of information with one count of distribution of cocaine. He pled guilty as charged on June 15, 2009, based upon an agreement with the state that it would not file a multiple offender bill and that he would be allowed to post bond pending sentencing.
 

 During sentencing, the court considered the defendant’s extensive criminal history which consists of a litany of misdemeanors including convictions for possession of marijuana, simple assault, disturbing the peace, and simple battery. The defendant also has prior felony convictions for theft over $500.00, simple burglary, distribution of a Schedule II Controlled Dangerous Substance, for which parole was revoked, and possession of cocaine. The court then outlined the defendant’s social history including that he left school in the 11th grade and received his GED while incarcerated, has five grandchildren, has worked various jobs, and he admitted that he was a|2heavy drinker. The court noted that the defendant is being treated for cancer of the left kidney and has been diagnosed with congestive heart failure. The court also referenced the pre-sentence investigation report which categorized the defendant as a fourth felony offender and a “career criminal.” Finally, the court stated it had considered the factors outlined in La. C. Cr. P. art. 894.1.
 

 The defendant was sentenced to serve 28 years at hard labor, with the first 2 years to be served without benefit of probation, parole, or suspension of sentence.
 
 *451
 
 The defendant’s motion to reconsider sentence, urging only that the sentence was excessive, was subsequently denied.
 

 Since the defendant’s motion for reconsideration merely alleged that the sentence is excessive, under
 
 State v. Mims,
 
 619 So.2d 1059 (La.1998), he is “simply relegated to having the appellate court consider the bare claim of excessiveness.” This bare claim preserves only a claim of constitutional excessiveness.
 
 Mims, supra; State v. Lofton,
 
 41,423 (La.App.2d Cir.9/27/06), 940 So.2d 702,
 
 unit denied,
 
 2006-2952 (La.9/28/07), 964 So.2d 359. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice.
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Livingston,
 
 39,390 (La.App.2d Cir.4/6/05), 899 So.2d 733;
 
 State v. White,
 
 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123.
 

 On this record, we do not find the defendant’s sentence is constitutionally excessive. The defendant has an extensive criminal history and is considered a fourth felony offender. Additionally, the defendant |sreceived a significant reduction in his potential sentencing exposure through his plea bargain agreement when the state agreed not to file a multiple offender bill. The sentence imposed is neither grossly disproportionate to the severity of the offense, nor is it shocking to the sense of justice. Therefore, this assignment is without merit.
 

 For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
 

 AFFIRMED.