LOLLEY, J.
_|jThis criminal appeal arises from the First Judicial District Court, Parish of Caddo, State of Louisiana. The defendant, James L. Cass, was convicted of possession with intent to distribute a Schedule I controlled dangerous substance, namely marijuana, a violation of La. R.S. 40:966(A)(1). He was adjudicated a second *842 felony offender and sentenced to 40 years at hard labor “without benefit,” and fined $20,000. This appeal ensued. For the following reasons, we affirm Cass’ conviction, amend his sentence in part, and affirm the amended sentence.
Facts
On June 15, 2007, at approximately 11:00 a.m., law enforcement officers from the Shreveport Police Department and the Caddo Sheriffs Office entered the residence of James L. Cass to execute a no-knock search warrant. Officers testified they broke open the front door, announced their presence and their intentions to execute the search warrant, secured the occupants of the residence on a sofa, and searched the residence. Cass, his wife, and his two small children were present at this time. Cass advised the officers that he had marijuana in the master bedroom. A search of that bedroom produced a “fanny pack” that contained 34 individually packaged bags of marijuana totaling 42.2 grams, as well as $22 in cash. An additional $1,000 in cash was found inside a shoe in the closet of the master bedroom.
Cass was subsequently arrested and charged. He pleaded not guilty and a jury trial was held. At this trial, Cass was found guilty of possession with intent to distribute a Schedule I controlled dangerous substance, 12marijuana, a violation of La. R.S. 40:966(A)(1). He was charged as a second felony offender and sentenced to 40 years at hard labor “without benefit.” He was also fined $20,000.00. This appeal followed.
Law and Discussion
Cass asserts three assignments of error. First, Cass contends that the jury rendered the verdict upon insufficient evidence and, therefore, the conviction should be revised to possession rather than possession with intent to distribute. Second, Cass argues the sentence of 40 years was excessive because the crime of which he was convicted involved marijuana, which he submits is no longer considered dangerous. Third, Cass asserts that the imposition of a $20,000.00 fine is unconstitutional because he is indigent and unable to pay due to his prison sentence.

Insufficiency of the Evidence

Cass claims the evidence presented at trial was insufficient to support his conviction. While he admits he possessed marijuana, he contends the evidence was insufficient to prove he had intent to distribute it. The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Carter, 42,894 (La.App.2d Cir.01/09/08), 974 So.2d 181, writ denied, 2008-0499 (La.11/14/08), 996 So.2d 1086. The Jackson standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to ^substitute its own appreciation of the evidence for that of the factfinder. State v. Pigford, 2005-0477 (La.02/22/06), 922 So.2d 517; State v. Dotie, 43,819 (La.App.2d Cir.01/14/09), 1 So.3d 833, writ denied, 2009-0310 (La.11/06/09), 21 So.3d 297. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 1994-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Eason, 43,788 (La.App.2d Cir.02/25/09), 3 So.3d 685, writ denied, 2009-0725 (La.12/11/09), 23 So.3d 913.
After viewing the totality of the evidence, a rational trier of fact could have *843 concluded beyond a reasonable doubt that the evidence presented by the state was sufficient to find the defendant guilty of possession of marijuana with intent to distribute; thus Cass’s arguments to the contrary are without merit. There was ample evidence to support the jury’s conclusion. Thirty-four individually packaged bags of marijuana as well as $22 in cash were recovered from a “fanny pack” in Cass’s residence. An additional $1,000 was found in the same room. Further, three law enforcement officers testified Cass admitted to them while they searched his residence that he distributed marijuana.
In his defense, Cass admits to possessing the marijuana, but argues it was for his personal medicinal use. However, a search of his residence failed to produce the paraphernalia necessary for him to use it. Cass also denies making any statements that implied he distributed marijuana. He further claims the money recovered from his home was earned through ^legitimate enterprise; however, he produced no evidence at trial to support this assertion. While Cass hoped the jury would accept his testimony, obviously, it did not.
The evidence presented at trial led the trier of fact to conclude Cass is guilty beyond a reasonable doubt. We find this conclusion to be reasonable; therefore, Cass’s assertions to the contrary are without merit.

Excessive Sentence

Cass alleges his sentence is unconstitutionally excessive because the sentencing court failed to consider all the facts and circumstances of his case. In particular, he argues the decriminalization of marijuana in other states warrants a less severe sentence in Louisiana. He also argues the court did not adequately consider the factors set forth in La. C. Cr. P. art. 894.1.
There is a two-pronged inquiry for appellate review of sentences for exces-siveness when there is a substantive motion to reconsider. First, the record must show that the sentencing court complied with La. C. Cr. P. art. 894.1. The court need not list every aggravating or mitigating factor so long as the record reflects that it adequately considered the guidelines. State v. Marshall, 1994-0461 (La.09/05/95), 660 So.2d 819; State v. Lin-near, 44,830 (La.App.2d Cir.12/09/09), 26 So.3d 303. When the record shows an adequate factual basis for the sentence imposed, remand is unnecessary even in the absence of full compliance with the article. State v. Lobato, 603 So.2d 739 (La.1992); State v. Linnear, supra. No sentencing factor is accorded greater weight by statute than any other sentencing factor. State v. Taves, 2003-0518 (La.12/03/03), 861 So.2d 144; State v. Linnear, supra. | sThe second prong is the constitutional excessiveness standard. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. State v. Lobato, supra; State v. Livingston, 39,390 (La.App.2d Cir.04/06/05), 899 So.2d 733.
Cass was convicted of possession of marijuana with intent to distribute. He was sentenced as a second felony habitual offender under La. R.S. 15:529.1, which provides:
A. Any person who, after having been convicted within this state of a felony ... thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows
[[Image here]]
(1) If the second felony is such that upon first conviction the offender would be punishable by imprisonment for any *844 term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for the first conviction.
A first conviction for possession of marijuana with intent to distribute carries a sentencing range of 5 to 30 years. La. R.S. 40:966(B)(3). Therefore, the trial court properly determined the sentencing range for this crime under the habitual offender law for a second felony to be 15 to 60 years. La. R.S. 15:529.1(A)(1). Cass’s forty year sentence falls within this range.
The first prong of the excessive sentence analysis requires the sentencing court to take cognizance of La. C. Cr. P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). During the sentencing hearing, the trial court specifically stated, “I have reviewed the cases involving Mr. Cass. I |6have reviewed the Criminal Code of Procedure Article 894.1.” The court subsequently sentenced Cass to 40 years at hard labor “without benefit.” Although the court did not mention which Article 894.1 factors it considered, this is not a legal requirement. State v. Smith, supra. It is unclear exactly what consideration the court gave to the factors; therefore, it is impossible to determine if the required “adequate” consideration was given. State v. Marshall, supra. However, the first prong will still be satisfied if the record provides an adequate factual basis to support the sentence imposed. State v. Landos, 419 So.2d 475 (La.1982).
The record provides several mitigating factors regarding Cass’s sentencing. Cass is 55 years old; therefore, a 40-year sentence would act as a de facto life sentence. Cass has a wife and two small children, as well as a supportive brother and sister who each testified at his sentencing hearing. Cass also suffers from glaucoma. He has an honorable service record with the United States military. Additionally, the crime for which he has been convicted is nonviolent in nature. However, these mitigating factors are to be weighed against the aggravating circumstances in this case. Although possession with intent to distribute marijuana is a nonviolent crime, it occurred a mere two years after Cass was released from prison after having served 30 years.[1] When viewed in conjunction with his extensive criminal past, his commission of the crime in the case sub judice demonstrates a propensity for criminal behavior. Additional aggravating factors include the 17exposure of minors to this criminal activity and the fact that the crime was committed for profit. The record clearly provides an adequate factual basis to support the sentence imposed.
The second prong of the test requires a sentence to be proportionate to the seriousness of the offense. State v. Smith, supra. A sentence is disproportionate if it “shocks the sense of justice,” when the crime is viewed in light of the harm done to society. State v. Lobato, supra. This is Cass’s sixth conviction. This type of recidivism is the very type of behavior La. R.S. 15:529.1 was designed to deter. Cass was sentenced within the range provided by the habitual offender law and, therefore, this sentence does not “shock the sense of justice.” Cass’s sentence is reasonable and appropriate, especially when his past crimes are considered. Finally, we do not accept Cass’s “Willie Nelson” defense. His suggestion that marijuana is no longer considered a dangerous substance, as reflected by the treatment given to Willie Nelson when *845 stopped for possessing it, is of little importance to this Court. This assignment of error is without merit.

Imposition of Fine

Tn a related argument; Cass asserts that the imposition of the $20,000.00 fine is unconstitutional because he is indigent and unable to pay due to his prison sentence. Louisiana R.S. 40:967(B)(4)(b) provides for imposition of a fíne of not more than $50,000.00 upon conviction of La. R.S. 40:966(A)(1) for marijuana, of which Cass was convicted. However, because La. R.S. 15:529.1, the habitual offender statute, does not authorize imposition of a fine, but only provides for enhanced sentences relating to [sthe term of imprisonment, a trial court is without authority to impose a fíne under this statute. State v. Dickerson, 584 So.2d 1140 (La.1991). Thus, because the trial court sentenced Cass under the habitual offender statute, it was without authority to impose a fíne. When such an illegal fíne has been imposed, the proper remedy is to amend the sentence to delete the fíne. See State v. Ealy, 44,252 (La.App.2d Cir.05/13/09), 12 So.3d 1052, writ denied, 2009-1393 (La.02/05/10), 27 So.3d 298. Therefore, although based on different grounds, this assignment of error has merit and Cass’s sentence is amended to delete the $20,000.00 fine.
Errors Patent
Pursuant to La. C. Cr. P. art. 920, we have examined the record and we note the presence of two errors patent. The first error deals with the eligibility of the benefits of probation, parole, and suspension of sentence. Cass was adjudicated a second felony habitual offender and was sentenced to serve 40 years in prison at hard labor. At the sentencing hearing, the trial court articulated that this sentence was to be served “without benefit.” However, it was not stated exactly which “benefits” Cass’s sentence was to be served without. However, the minutes in this matter clarify the ruling as they state, “The court ordered said sentence served without benefit of probation, parole, or suspension of sentence.”
Louisiana 40:966(B)(3), regarding the penalty for possession of marijuana with intent to distribute, does not require any restrictions on the benefits of probation, parole, or suspension of sentence. However, the habitual offender law provides, “Any sentence imposed under the provisions 1 flof this Section shall be at hard labor without benefit of probation or suspension of sentence.” La. R.S. 15:529.1(G). This statute does not provide that the sentence be served without benefit of parole. See, State v. Tate, 1999-1483 (La.11/24/99), 747 So.2d 519; State v. McKeaver, 44,907 (La. App.2d Cir.01/27/10), 32 So.3d 909. Accordingly, because Cass was sentenced under the habitual offender law, as well as the possession law, his sentence is to be served without benefit of probation or suspension of sentence. We hereby amend the sentence to delete that portion denying the benefit of parole and clarify the proper sentence.
We also note as error patent that the trial court failed to properly inform the defendant of the prescriptive period for seeking post-conviction relief as mandated by La. C. Cr. P. art. 930.8(C). Therefore, we advise defendant, by way of this opinion, that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 or 922.
*846 Conclusion
For the foregoing reasons, Cass’s conviction is affirmed. His sentence is amended to delete both the imposed fíne and the denial of the benefit of parole. As amended, the sentence is affirmed as well.
CONVICTION AFFIRMED; SENTENCE AMENDED, AND AS AMENDED IS AFFIRMED.
MOORE, J., Concurs in part; dissents in part.

. Cass was previously convicted of armed robbery, attempted aggravated rape, two counts of attempted crimes against nature, and simple escape.