DREW, J.
 

 h Leon Williams was convicted of distributing cocaine, La. R.S. 40:967(A). He was sentenced to 20 years at hard labor, the first two years without benefits. The trial court denied an oral motion for reconsideration.
 

 He appeals on the basis of only two issues:
 

 • the improper closing and rebuttal arguments of the prosecutor; and
 

 • the excessive sentence meted out by the court.
 

 We affirm in all respects.
 

 FACTS
 

 The state’s main three witnesses were Lieutenants Marvin Garrett and Dan
 
 *557
 
 Weaver of the Minden Police Department, and Cody Cain Manuel.
 

 Both officers testified that because Manuel owed fines on several traffic tickets, he offered to provide information in exchange for help with the citations. He thought his parole could be violated for not taking care of the tickets. The officers set him up in a drug deal with the defendant.
 

 On the date of the sting, Manuel met with the officers, was searched for money and drugs, then fitted with an audio device and a video camera attached to a shirt button. The officers provided $50 for the purchase, drove him to a location near his home, and remained nearby, monitoring the audio.
 

 Manuel telephoned the defendant, whose street name was “The Colonel,” advising that he was ready to buy. When the defendant arrived at Manuel’s house, he behaved nervously. After a short time, he picked up Manuel’s $50 from a table and began to leave, telling him to look behind the television. Manuel did so, and located crack cocaine in a cigarette box.
 

 | ¡After the defendant left, Manuel waited a few minutes, then began walking to meet with the officers. The defendant drove by and asked where he was going. Manuel responded that he was going to his mother’s house. The defendant gave him a ride, during which Manuel pretended to have already smoked the crack. Their conversation was recorded by the audio equipment, revealing that defendant asked about the drug’s quality.
 

 When Manuel reconnected with the officers, the recording devices were removed, and the cocaine was booked into evidence. The tapes of the sale and of the ride were of poor quality, were played for the jury, and were discussed at length by the state’s witnesses.
 

 In closing argument, the prosecutor made several statements which defendant now claims denied him a fair trial. The defendant made no contemporaneous objections on this issue at trial.
 

 Though still improper, the prosecutor’s last three comments of the 10 that are bulleted below were made in direct response to defense counsel’s forceful and scathing closing argument.
 
 [1]
 
 Counsel attacked the | ?,professionalism of the police officers involved in the case. By implication, some of these comments could be
 
 *558
 
 interpreted to question the propriety and rectitude of the prosecution’s handling of the- case.
 

 In his closing argument and rebuttal, the prosecutor made these statements,
 
 inter alia:
 

 • I have an advantage over you because. I’ve lived with this case for a pretty good while and I had — I’ve had the opportunity to know exactly what’s going. on. I’ve already told you that.
 

 • I was satisfied when I got this case from law enforcement. I was satisfied when I decided that we had the evidence to proceed. I was satisfied that Leon Williams had distributed cocaine in the parish on that day. I’m still satisfied. I have shown you everything that I know.
 
 [2]
 

 • [v]ery often, most often, in a case like this, when we try them, and God knows we try way too many of them. I’m sad to tell you that we have way too many of these to try. This case is just like the other cases that we have tried over and over and over again.
 

 • If you had been the police you would have handled it differently, that’s what the defenses always are.
 

 • [w]hen we reach a certain point in our investigation ... we look at it and say, that’s enough, then that’s enough. We’re going to quit then. And I promise you that defense lawyers are going to come in and say we didn’t do enough or we did something wrong. But every time, no matter when we get a point to where law enforcement people and the District Attorney say that’s enough on this case, we got this one, go the next one, and God knows there’s plenty of them out there to go to.
 

 L* [w]e try a lot of these cases. I don’t think I’ve tried one anywhere the guilt is more clearly proven beyond a reasonable doubt and I made that decision a pretty good while ago.
 

 • [w]hen they get to that point, I’ve already told you, we shut it down. There’s no need in us going out there and beating on a dead horse. It’s a cut and dried case and we quit.
 

 • I think you’ve looked at me, I’m not going to be a party to something that’s not right and correct.
 

 • We’ve tried I don’t know how many cases like this. That’s sufficient, beyond a reasonable doubt, to show that this man distributed that cocaine. This — we got a bunch more like this. It’s not your job to hold me accountable. That’s my job.
 

 • It is really not even your decision to decide what happens, that already has been decided.
 

 The defendant was found guilty.
 

 DISCUSSION
 

 The Prosecutor’s Closing Argument
 

 The defendant argues that the prosecutor’s closing argument and rebuttal deprived him of a fair trial as guaranteed him by the Fourteenth Amendment of the United States Constitution and Article I, § 2 of the Louisiana Constitution.
 

 La. C. Cr. P. art. 774 is instructive here.
 
 [3]
 

 Defendant further argues that since a jury must make its own assessment of the
 
 *559
 
 credibility of witnesses, it is inappropriate for the state to | ¿assure the jury of the credibility of a government witness. He is correct in this assertion.
 

 The general rule is that it is improper for an attorney to vouch for or assert his or her personal opinion of the credibility of a witness when doing so implies that the prosecutor has additional knowledge or information about the case which has not been disclosed to the jury.
 
 State v. Smith,
 
 554 So.2d 676 (La.1989),
 
 overruled on other grounds.
 

 The defendant also correctly argues that a prosecutor may not resort to personal experience or turn the argument into a plebiscite on crime.
 
 State v. Williams,
 
 96-1023 (La.1/21/98), 708 So.2d 703,
 
 cert, denied.
 
 He also argues that it is reversible error for the prosecutor to express his belief in the guilt of the accused, or the credibility of a key witness, where doing so implies that he has additional knowledge or information about the case not disclosed to the jury.
 
 State v. Harrison,
 
 367 So.2d 1 (La.1979).
 

 The state responds that without a timely objection, the trial court is afforded no opportunity to redress the impropriety. The defendant is thus precluded from complaining of any alleged irregularity at trial.
 
 See State v. Herrod,
 
 412 So.2d 564 (La. 1982).
 

 Statutes relative to this appeal are clear.
 
 [4]
 

 6In
 
 State v. Wafer,
 
 31,078 (La.App.2d Cir.9/23/98), 719 So.2d 156,
 
 writ denied,
 
 99-1114 (La.10/1/99), 747 So.2d 1137, the defendant assigned as error the impropriety of the state’s closing argument, after having objected at trial to only one of the statements. Relying upon
 
 State v. Hart,
 
 96-0697 (La.3/7/97), 691 So.2d 651, and La. C. Cr. P. art. 841, this court held he had waived any error, except as to the one comment to which he had objected.
 

 This court further held in
 
 Wafer, supra,
 
 at 164-165, that:
 

 • comments on the credibility of witnesses are proper and within the scope
 
 *560
 
 of closing argument, if based upon the evidence;
 

 • both state and defendant are permitted to draw their own conclusions as to what the evidence establishes, and both may press upon the jury any view arising out of the evidence;
 

 • the trial court has wide discretion in controlling closing arguments;
 

 • a court should not reverse on grounds of improper closing argument unless it is thoroughly convinced the remark influenced the jury and contributed to its verdict; and
 

 17* in making this decision, credit should be given to the jury’s good sense and fairmindedness.
 

 With no contemporaneous objection, this assignment of error must fall. Perhaps not objecting during argument was part of counsel’s trial strategy, knowing that the judge’s instructions were soon to follow.
 

 In any event, we cannot discern from this record that the prosecutor’s argument improperly influenced the jury. Evidence of guilt here, though substantially circumstantial, is overwhelming.
 

 Perhaps the most damaging evidence came from the defendant himself. This exchange occurred between Manuel and Williams:
 

 Manuel — “Don’t be acting like you’re paranoid.”
 

 Williams — “You ain’t in that type of business. When you get in that business, you’ll know.”
 

 Later, when giving Manuel a ride, Williams asked this question, about 25 minutes after the sale: “You done smoked all that s* *t up already?”
 

 This verdict is justified by this record. At most, this is harmless error.
 

 The Sentence
 

 The defendant argues that this 20-year sentence violates La. Const. Art. I, § 20, which prohibits the subjection of any person to cruel, excessive, or unusual punishment. He argues that this transaction involved a single $50 sale of crack cocaine, and the sentence is unnecessarily harsh.
 

 The state responds that the sentence:
 

 • is appropriate and within the guidelines set forth for this crime;
 

 • was a result of a thorough presentence investigation;
 

 |s* was amply justified by the trial court, pursuant to the PSI; and
 

 • was a midrange sentence, less than the maximum exposure of 30 years.
 

 Our law on the appellate review of sentences is well settled.
 
 [5]
 

 The trial court’s comments at sentencing reflect that it studied the PSI closely and thoroughly considered the sentencing guidelines in La. C. Cr. P. art. 894.1. The
 
 *561
 
 PSI recommended a substantial hard labor sentence, noting that the defendant:
 

 • had an extensive criminal background which included a felony of burglary of an inhabited dwelling and numerous misdemeanors;
 

 • was a single parent with custody of a six-year-old son; and
 

 • had pending felony drug charges.
 

 We discern no abuse of discretion in the imposition of a midrange sentence within the guidelines of the statute. The sentence imposed is not disproportionate to the crime committed and does not shock the conscience.
 

 DECREE
 

 The defendant’s conviction and sentence are AFFIRMED.
 

 APPLICATION FOR REHEARING
 

 Before BROWN, WILLIAMS, PEATROSS, DREW and LOLLEY, JJ.
 

 Rehearing denied.
 

 WILLIAMS and PEATROSS, JJ., would not consider.
 

 [1]
 

 . Consider these excerpted comments of defense counsel:
 

 "Your job as jurors is to hold them accountable for what they do and to hold them to the level of professionalism and integrity that we expect them to have. I hadn’t seen it. You know I heard them say well we don’t care if he’s on parole we’ll do it anyway. You know you’re not supposed to do that. Well, yeah, you know, we do it. We’re the police, we do it. We’re going to keep doing it until somebody tells us we can’t do it and then we're going to do it a little more after that because we’re the police. We can do it. They should be held accountable for their professionalism. They’re bound by the same rules that we’re all bound by. I have rules I have to follow as being an attorney. If I don't follow those rules guess what I’m, going to be a truck driver tomorrow, which some days that doesn’t sound bad. But your job is to hold them to that level of professionalism we expect from them and they have not demonstrated one bit of that here in front of you for the past week.
 

 “They want to throw out the rules, do whatever they want to do and they expect you to just rubber stamp it. That’s okay, wink. All right. Good job. That’s not how it's supposed to work. It's specifically designed to protect the rights of the individual, make no mistake each one of you are individuals. If they do it to him they’ll do it to you in a heartbeat. That is what our system is designed to protect us from and that’s what we've taken an oath to keep them from doing. And you’ve got the opportunity here to do that today. Do the right things, hold them accountable to their — just the right way of doing things. And this ain’t it. Not even close.”
 

 [2]
 

 . These inappropriate comments are mitigated somewhat by this last sentence, which communicated to the jury that they knew everything that the prosecutor knew.
 

 [3]
 

 . Art. 774. Argument; scope
 

 The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
 

 The argument shall not appeal to prejudice.
 

 
 *559
 
 The state’s rebuttal shall be confined to answering the argument of the defendant.
 

 [4]
 

 . La. R.S. 40:967(A):
 

 A. Except as authorized by this Part or by Part VII-B of Chapter 5 of Title 40 of the Louisiana Revised Statutes of 1950, it shall be unlawful for any person knowingly or intentionally:
 

 (1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance or controlled substance analogue classified in Schedule II;
 

 (2) To create, distribute, or possess with intent to distribute, a counterfeit controlled dangerous substance classified in Schedule II.
 

 La. R.S. 40:967(B)(4)(b):
 

 Distribution, dispensing, or possession with intent to produce, manufacture, distribute, or dispense cocaine or cocaine base or a mixture or substance containing cocaine or its analogues as provided in Schedule 11(A)(4) of R.S. 40:964 ... shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars. La. C. Cr. P. art. 841:
 

 A. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time of the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.
 

 [[Image here]]
 

 C. The necessity for and specificity of evi-dentiary objections are governed by the Louisiana Code of Evidence.
 

 [5]
 

 . Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice.
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Edwards,
 
 45,-314 (La.App.2d Cir.6/23/10), 42 So.3d 449;
 
 State v. Livingston,
 
 39,390 (La.App.2d Cir.4/6/05), 899 So.2d 733. In reviewing a sentence for excessiveness, the appellate court must consider the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice.
 
 State v. Lobato, supra; State v. Colgin,
 
 43,416 (La.App.2d Cir.8/13/08), 989 So.2d 876,
 
 writ denied,
 
 08-2304 (La.5/15/09), 8 So.3d 581.
 

 The trial judge is afforded wide discretion in determining a sentence, and the court of appeal will not set aside a sentence for exces-siveness if the record supports the sentence imposed.
 
 State v. Colgin, supra; State v. Shaw,
 
 37,168 (La.App.2d Cir.6/25/03), 850 So.2d 868. Absent a showing of manifest abuse of that discretion we may not set aside a sentence as excessive.
 
 State v. Guzman,
 
 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158;
 
 State v. Colgin, supra.