STEWART, J.
b The defendant, Leon Williams, was sentenced as an habitual offender to 40 years at hard labor without benefit of parole, probation, or suspension of sentence for the offense of distribution of cocaine, a violation of La. R.S. 40:967(A). Alleging that his sentence is excessive and that no valid habitual offender bill was filed, he now appeals. We affirm.
FACTS
In State v. Williams, 46,301 (La.App.2d Cir.5/18/11), 69 So.3d 556, writ denied, 2011-1369 (La.12/16/11), 76 So.3d 1200, this court affirmed the defendant’s conviction for distribution of cocaine and sentence of 20 years at hard labor, the first two years without benefits.
On December 15, 2011, the state filed an habitual offender bill of information charging Williams as a second-felony offender. The bill specifically alleged that Williams had been convicted of distribution of cocaine on June 17, 2010, and burglary on December 7, 1993. Both convictions were in Webster Parish under docket numbers 79,131 and 56,635, respectively. As to the burglary offense, the minutes entered into evidence at the habitual offender hearing stated that Williams had been convicted of burglary of an inhabited dwelling, a violation of La. R.S 14:62.2.
At the habitual offender hearing on March 2, 2012, the state called Major Jacob Cyrus Hortman, III, and Detective Tommy D. Kemp, both of the Webster Parish Sheriffs Office, and Renee Davis, a probation and parole agent for the state. Major Hortman testified that he took the defendant’s fingerprints on November 14, 2011. The prints taken by Major |2Hortman were entered into evidence. He testified that Detective Kemp did the initial match of the defendant’s fingerprints to those included with the bills of information relating to the defendant’s convictions for distribution of cocaine on June 17, 2010, and for burglary of an inhabited dwelling on December 7, 1993. Major Hortman testified that he compared the three sets of prints to verify the match found by Detective Kemp. Major Hort-man opined that all three sets of prints came from the same individual, the defendant.
Detective Kemp, who was accepted as an expert in fingerprint identification, testified that he did the initial comparison of the three sets of prints and concluded that all three came from the defendant.
*248 Davis testified that she knew the defendant, who served parole from November 1996 to June 1997 and again from June 1998 to June 1999. She stated that the defendant had been on parole from his 1993 conviction for simple burglary of an inhabited dwelling. Davis identified photographs of the defendant from her file and identified him in open court.
The defendant did not present any evidence.
The trial court adjudicated the defendant a second-felony offender and withdrew his previously imposed 20-year sentence. After the defendant waived sentencing delays, the trial court imposed a new sentence of 40 years at hard labor without benefit of probation, parole or suspension of sentence. The trial court ordered the sentence to be consecutive to another that the defendant was serving.
|3The defendant filed a motion to reconsider the sentence on the grounds that it is excessive based on the facts of the offense and that, given his age, it is equivalent to a life sentence. The trial court denied the motion, and the defendant timely appealed.
DISCUSSION
Appellate counsel assigns as error the excessiveness of the sentence. The defendant also filed a pro se brief in which he asserts that the state did not file a valid habitual offender bill of information. We will first address the pro se claim.
The defendant contends that the habitual offender bill of information did not comply with La. C. Cr. P. arts. 384 and 464. He also complains that he was not provided the requisite 15 days to object to the allegations in the habitual offender bill as required by La. R.S. 15:529.1(D).
La. R.S. 15:529.1(D)(l)(a) states in relevant part:
If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state, or of the United States, or of any foreign government or country, of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which the subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and he shall be given fifteen days to file particular objections to the information, as provided in Subparagraph (b) of this Paragraph. The judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies as set forth in the information.
|4We note that the copy of the bill of information introduced as S-l at the hearing was neither signed nor stamped; this is apparently the basis of the defendant’s complaint that there was not a valid habitual offender bill. However, the defendant did not object to the introduction of S-l, and the signed and stamped copy of the bill is filed in the record.
The habitual offender bill of information charging the defendant as a second-felony offender was filed on December 15, 2011. The bill states the date of the instant *249 offense of distribution of cocaine in Docket No. 79,181, the date of conviction, and the date of sentencing. It provides the same as to the burglary (simple burglary of an inhabited dwelling) offense in Docket No. 56,685. The bill states that the defendant is subject to an enhanced penalty under La. R.S. 15:529.1. As such, the bill sufficiently informed the defendant that he was being charged as an habitual offender and of the basis for the charge. The bill complies with the specific provisions of La. R.S. 15:529.1, the Habitual Offender Law. Articles 384 and 464, which concern the institution of criminal proceedings and indictments, do not apply here.
Though the record does not show that Williams appeared to answer the allegations of the habitual offender bill of information, the record does show there was adequate opportunity for him to have responded by filing a motion to quash the bill, if he had grounds to do so, and to prepare for the hearing. The bill was filed on December 15, 2011, but the hearing did not take place until March 2, 2012. At the hearing, the defendant was ready to proceed with appointed counsel. He did not file objections or request time |fito do so. For these reasons we find no merit to the pro se assignment of error.
Appellate counsel assigns as error the excessiveness of the sentence. He argues that the underlying conviction was for distribution of only $50 worth of cocaine and that the trial court imposed what amounts to a life sentence for this 52-year-old defendant.
The state counters that Williams could have been sentenced up to 60 years as an habitual offender and that the sentence is justified by the effects of illegal drug sales on society.
When there is a substantive motion for reconsideration of a sentence, we apply a two-part inquiry on appellate review for excessiveness. First, the record must show that the sentencing court complied with La. C. Cr. P. art. 894.1. The court need not list every aggravating or mitigating factor so long as the record reflects that it adequately considered the guidelines. State v. Marshall, 1994-0461 (La.9/5/95), 660 So.2d 819; State v. Cass, 46,228 (La.App.2d Cir.4/13/11), 61 So.3d 840, writ denied, 2011-1006 (La.11/4/11), 75 So.3d 922. When the record shows an adequate factual basis for the sentence imposed, remand is unnecessary even in the absence of full compliance with the article. State v. Lobato, 603 So.2d 739 (La.1992); State v. Cass, supra. Secondly, we consider whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. State v. Lobato, supra.
A trial court has wide discretion to sentence within the statutory limits. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of discretion, a sentence will not be set aside as excessive. Id., citing State v. Square, 433 So.2d 104 (La.1983).
Under La. R.S. 15:529.1(A)(1), and La. R.S. 40:967(B)(4)(b), Williams was subject to a sentencing range of 15 to 60 years at hard labor, with the first two years to be served without benefit of parole, probation, or suspension of sentence and the remaining time to be served without the benefit of probation or suspension.
The defendant has not shown that the trial court abused its wide discretion in imposing the 40-year hard labor sentence. The defendant was subject to receiving a 60-year sentence; thus, he received substantially less than the maximum that was possible. The defendant opted to waive delays and proceed directly to sentencing. *250 Although the trial court did not elucidate the exact mitigating or aggravating factors in this matter when sentencing the defendant as an habitual offender, the trial court had previously viewed and considered the defendant’s presentence investigation report and had considered the guidelines in La. C. Cr. P. art. 894.1 when it imposed the 20-year sentence. See State v. Williams, supra. In affirming the defendant’s first sentence, this court noted the trial court’s specific references to the defendant’s extensive criminal background and his then pending felony drug charges. Based on his criminal history and his status as a second-felony offender, the defendant’s 40-year sentence, though arguably harsh, is within statutory limits, is not disproportionate to the offense, and 17does not shock the sense of justice. Accordingly, we find no merit to the assignment of error regarding excessiveness of the sentence.
We do find error patent in that the sentence imposed is illegal because it denies the defendant the benefit of parole for the entirety of his 40-year sentence. The underlying offense mandates that the first two years of the sentence be imposed without the benefit of parole, probation, or suspension of sentence. See La. R.S. 40:967(B)(4)(b). Under La. R.S. 15:529.1(G), habitual offender sentences are to be imposed at hard labor without benefit of probation or suspension of sentence. Contrary to these provisions, the trial court sentenced the defendant to 40 years without all benefits.
An illegal sentence may be corrected by an appellate court on review. La C. Cr. P. art. 882. Therefore, we amend the defendant’s sentence to provide that the first two years shall be served without the benefit of parole, probation, and suspension of sentence and that the remaining 38 years shall be served without the benefit of probation and suspension of sentence.
CONCLUSION
For the reasons explained, we affirm the defendant’s conviction as a second-felony offender. We also affirm his 40-year sentence as amended to provide that the first two years are to be served without benefit of parole, probation, and suspension of sentence, and the remaining 38 years are to be served without benefit of probation and suspension of sentence.
CONVICTION AFFIRMED AS AMENDED.
APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, MOORE, LOLLEY and GARRETT, JJ.
Rehearing denied.