11 This post-trial application for writ of review arises from a misdemeanor prosecution. Brett Cascio Butler seeks reversal of his conviction on two counts of improper telecommunications, La. R.S. 14:285, on the basis of double jeopardy.

Background

According to the district court’s ruling on Butler’s motion to quash, the state originally charged defendant with two counts of improper telecommunications, but erroneously alleged that the telephone calls took place in January 2000.
Trial commenced on the original bill of information on May 24, 2000. The state called one witness, James Crawley, who stated that he received the improper telephone calls in August and September of 1999. Rather than requesting that the bill of information be amended to conform to the evidence, as permitted by La.C.Cr.P. art. 488, the state rested. The court acquitted defendant of committing any offense in January 2000.
The state then filed a new bill of information which alleged that the telephone calls occurred on August 12, 1999, and on an unspecified date in September 1999. Defendant filed a motion to quash, raising a plea of double jeopardy. The trial court denied the motion to quash noting that at the first trial defense counsel argued for an acquittal on the basis that there was no *317 evidence of an offense occurring in January 2000.
Trial on the second bill of information commenced on September 27, 2000. The trial court found defendant guilty as charged of making harassing telephone calls in August and September 1999. Consecutive fines of $100 and 30 days jail terms were imposed. The jail sentences were suspended and defendant was placed on unsupervised probation for one year. Execution of defendant’s sentence was stayed pending this court’s review of the double jeopardy issue.

|⅞Discussion

La.C.Cr.P. art. 592 provides that jeopardy attaches in a case tried without a jury when the first witness is sworn at the trial on the merits. At the first trial, the sole prosecution witness was sworn and presented testimony. Thereafter, the state rested its case.
La.C.Cr.P. art. 591 provides in part that no person shall be twice put in jeopardy of life or liberty for the same offense, except, when on his own motion, a new trial has been granted or judgment has been arrested, or where there has been a mistrial legally ordered. At the first trial, there was neither motion for new trial nor motion for arrest of judgment and no mistrial was ordered. Defendant was simply acquitted.
La.C.Cr.P. art. 468 provides in part that the date or time of the commission of an offense need not be alleged in the indictment, unless the date or time is essential to the offense. If the date or time is not essential to the offense, an indictment shall not be held insufficient if it does not state the proper date or time. The official revision comments indicate that if the crime is dependent upon the defendant’s act having been committed on a specific day, such as on a Sunday or on election day, then the date is a specific element of the offense and must be charged in the indictment. In the instant case, the date of the offense was not a specific element of the charged offense.
The district court reasoned that defense counsel was doing an about-face in his “disingenuous” arguments. The court opined that, at the first trial, counsel had contended that the date was essential to the charges. On the motion to quash the second bill of information, counsel argued that the date was not essential. The court chose not to accept this flip-flop and held defense counsel to his original claim that the date was an essential element of the offense.
While the district court’s reasoning is understandable, it was the state’s mistake in the initial charging process and the state’s error in failing to move to conform the pleadings to the proof at the original trial. The witness, James Crawley, testified at the first and second trials. His testimony was the state’s case and at each trial he stated that the telephone calls occurred in August and September of 1999.
The original bill of information was not invalid due to an incorrect date. La.C.Cr.P. art. 468. Thus, it did not come within the purview of La.C.Cr.P. art. 595 which states that a person is not in jeopardy in a trial in which the indictment was invalid.[1] The second trial, on the same charges, with the same substantive evidence, constituted a violation of the prohibition against double jeopardy as set forth in La.C.Cr.P. art. 591. Therefore, the trial court erred in denying the motion to quash.
| oThe writ is granted. Defendant’s conviction is reversed and his sentence is set aside.

. A bill of information is treated the same as an indictment for purposes of this section. State v. Williams, 301 So.2d 587 (La.1974).