BROWN, Chief Judge.
11 This matter comes before this court pursuant to a writ grant to docket. Appellant, the juvenile who will be referred to herein as “J.S.,” filed a writ seeking review of the trial court’s denial of a motion to quash the state’s petition for adjudication as a delinquent on the basis of double jeopardy. For the reasons set forth below, the trial court’s judgment is reversed and the petition for adjudication is dismissed.

Facts

On November 9, 2009, 15-year-old J.S. allegedly committed an armed robbery with two other people. According to the state, J.S. and two accomplices entered the Shop-A-Lot in Mansfield, Louisiana, while brandishing guns, and took approximately $1,200 from the store. The two other perpetrators, who were subsequently arrested, confessed to the Shop-A-Lot robbery, and implicated J.S. One of these perpetrators is a juvenile who will be referred to herein as “D.J.”
On November 23, 2009, the DeSoto Parish District Attorney’s Office filed a delinquency petition charging J.S. with violations of La. R.S. 14:64, armed robbery; La. R.S. 14:95.8, illegal possession of a handgun by a juvenile; and La. R.S. 14:64.3, armed robbery, use of firearm, additional penalty. The petition stated that the incident occurred “on or about November 16, 2009. ”
J.S.’s arraignment was held on December 1, 2009. At that time, J.S.’s court-appointed attorney entered a general denial to the charges against the juvenile. Thereafter, a pre-adjudication hearing was held on March 9, 2010, and J.S.’s retained counsel again entered a general denial to the charges.
|2On September 27, 2010, J.S. appeared for the delinquency hearing. The state’s first witness, D.J., was sworn in and began his testimony. On direct examination, D.J. was asked, “Were you present on or about the, at a location of the Shop-A-Lot back on November 16th of last year?” D.J. *433 answered affirmatively and stated that he was there with J.S. The witness pointed out J.S. in the courtroom. During questioning, D.J. admitted that he and J.S. had robbed the cashier at the Shop-A-Lot at approximately 2:00 or 8:00 a.m. D.J. stated that J.S. had a gun but that no shots were fired. D.J. testified that they were handed approximately $1,200 which they divided once they left the store. The witness was then tendered.
On cross-examination, J.S.’s attorney asked D.J. what day the robbery occurred; he stated that it was a Monday morning. Counsel then asked what date it was, and D.J. replied, “It was November 7th or 8th.” The attorney pointed out to him that he had been asked by the prosecutor about the date of November 16th, and asked, “It [the robbery] wasn’t on that day, was it?” D.J. replied, “That’s the date [November 16th] I got incarcerated.” Counsel then asked, “This incident [the robbery] occurred on November 8th?” The witness replied, “Yes ma’am, a week before [the arrest].”
At that point, the prosecutor sought to orally amend the petition for adjudication to show the correct date, but J.S.’s attorney objected and stated, “Objection based on Article 844.”[1] The trial court sustained the objection and refused to let the state amend. The D.A. asked for a five minute recess and then stated, “At this time, the State is going to enter a dismissal of the | ¡¡charges. We have notified defense counsel that we intend to file a new bill.” The transcript indicates, “Whereupon the proceedings in the above entitled matter were concluded.”
On October 13, 2010, the state filed a second petition for adjudication which alleged that on or about November 9, 2009, J.S. violated the same provisions of the criminal code with which he had previously been charged in the first petition for adjudication as a delinquent. J.S. was arraigned on November 30, 2010, and the adjudication hearing was set for February 24, 2011.
On that date, J.S.’s attorney filed a motion to quash the second adjudication petition on the basis of double jeopardy. The judge stated that counsel’s motion was untimely because she only had 15 days after the date of the arraignment to file the motion. Therefore, he denied the motion to quash. Counsel for J.S. argued that under the Children’s Code, a motion to quash may be filed any time prior to the hearing date. The judge answered, “It’s untimely because we’ve been sitting here for how many months? Plus, your motion to quash has no merit.” The court then decided that it would rule on the motion and stated as follows:
I can rule on the merits because the testimony at the previous hearing was that as soon as they [the state] found out they were talking about two different dates, they dismissed the one and they brought one on the second. Hasn’t been any jeopardy because he [J.S.] was on trial for one on one date and that was dismissed and then this one is on a separate date. It’s untimely because I go by 15 days from arraignment like the Code says, all motions unless there’s otherwise reasons and the second reason it doesn’t have any merit. We’re on for adjudication April 19th.
| ¿Counsel for J.S. filed a timely writ application seeking supervisory review of the denial of the motion to quash. On April 14, 2011, this court granted a stay of the proceedings and granted the writ to docket. On April 20, 2011, the trial court *434 issued a per curiam opinion which recognized that the court erred in ruling that the motion to quash was untimely but nonetheless upheld the denial based on the testimony of the juvenile (clearly this refers to D.J., the only person who testified at the adjudication hearing).

Discussion

La. Ch. C. art. 808 provides that all the rights guaranteed to criminal defendants under the state and federal constitutions, except the right to jury trial, shall be applicable in juvenile court proceedings. See, State ex rel. D.J., 01-2149 (La.05/14/02), 817 So.2d 26.
The Fifth Amendment to the United States Constitution provides that no person shall be subject for the same offenses to be twice put into jeopardy of their life or limb. State v. Redfearn, 44,709 (La.App.2d Cir.09/23/09), 22 So.3d 1078, writ denied, 09-2206 (La.04/09/10), 31 So.3d 381; State v. Brown, 42,188 (La.App.2d Cir.09/26/07), 966 So.2d 727, writ denied, 07-2199 (La.04/18/08), 978 So.2d 347.
The double jeopardy clause was made applicable to the states through the Fourteenth Amendment. Article I, § 15 of the Louisiana Constitution contains a similar guarantee. State v. Jenkins, 45,873 (La.App.2d Cir.01/26/11), 57 So.3d 405; State v. Redfearn, supra. The guarantee provides three central constitutional protections: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a |ssecond prosecution for the same offense after conviction; and, (3) protection against multiple punishment for the same offense. Id.
La. Ch. C. art. 811 provides that when a juvenile offender enters a denial to the petition for adjudication, jeopardy begins when the first witness is sworn at the adjudication hearing. La. C. Cr. P. art. 693 provides in part that dismissal by the district attorney of an indictment or of a count of an indictment discharges that particular indictment or count. The dismissal is not a bar to a subsequent prosecution, except that: (1) A dismissal entered without the defendant’s consent after the first witness is sworn at the trial on the merits, shall operate as an acquittal and bar a subsequent prosecution for the charge dismissed.
La. C. Cr. P. art. 535 allows that a motion to quash may be filed of right at any time before the commencement of the trial when based on the ground that the trial for the offense charged would constitute double jeopardy.
In the instant case, pursuant to La. Ch. C. art. 811, jeopardy attached at the time the witness, D.J., was sworn at the September 27, 2010, adjudication proceeding. The trial judge refused to allow the state to amend the petition to allege a different date to conform to the testimony. We note that La. C. Cr. P. art. 468 provides:
The date or time of the commission of the offense need not be alleged in the indictment, unless the date or time is essential to the offense.
If the date or time is not essential to the offense, an indictment shall not be held insufficient if it does not state the proper date or time, or if it states the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day.
LAll allegations of the indictment and bill of particulars shall be considered as referring to the same date or time, unless otherwise stated.
When the date is not an essential element of the crime, a mistake respecting the date on which the offense occurred is an immaterial defect of form. State v. *435 Butler, 34,658 (La.App.2d Cir.11/16/00), 774 So.2d 315. La. Ch. C.C. art. 846(A) provides that with leave of court, the petitioner may amend the petition at any time to cure defects of form.[2]
In the case sub judice, the date was not an essential element of the crime; however, the state took the position that it would dismiss the petition. Once dismissed, the state was unable to file another petition for adjudication based on the same factual circumstance as the first petition for adjudication. Under La. C. Cr. P. art. 693, that dismissal, after jeopardy attached, is deemed to have been an acquittal which barred subsequent prosecution for the charge dismissed.

Conclusion

For the reasons set forth above, the judgment of the trial court denying the motion to quash filed by J.S. is reversed, and the petition for adjudication and the charges contained therein are dismissed as a violation of the constitutional prohibition against double jeopardy.
REVERSED.

. The objection should actually have been based on Ch. C. art. 846, which addresses when a petition for adjudication may be amended.

. The state's argument that a letter sent by the juvenile’s attorney, which allegedly spoke of an alibi, and which made the date of the armed robbery an essential element of the crime, is without merit. The date of the commission of the offense was not an essential element of the crime that needed to be alleged. La. C. Cr. P. art. 468; State v. Butler, 34,658 (La.App.2d Cir.11/16/00), 774 So.2d 315. If the state believed the alibi letter created a situation which required that the petition be amended, La. Ch. C. art. 846 would have allowed the amendment with leave of court. However, at the time of the adjudication hearing, the state was not even aware that J.S.’s attorney had sent the letter stating that J.S.’s mother was an alibi witness.